UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARIEL SYNDICATE 1910,

    Plaintiff,

v.                                                      Case No. 6:17-cv-1279-Orl-37DCI

PARAMOUNT DISASTER RECOVERY,
LLC,

    Defendant.
_____

**ORDER**

This cause is before the Court on its own motion. Upon review of Plaintiff's Complaint (Doc. 3), the Court is unable to determine whether it has subject matter jurisdiction over this case.

The operative Complaint alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). (Doc. 3, ¶ 6.) In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

In determining the citizenship of business entities for purposes of diversity jurisdiction, "federal law has drawn a sharp distinction between corporations and virtually every other form of association." *Underwriters at Lloyd's, London v.*

-1-

*Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010). As set forth by federal statute, a corporation is deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Cabining this treatment to corporations alone, federal case law dictates that "an artificial, *un*incorporated entity generally depends on the citizenship of all the members composing the organization." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–1022 (11th Cir. 2004) (emphasis added) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). This "general rule for unincorporated entities also applies to limited liability companies." (*Id.* at 1022.) True enough, "[n]o matter the particular features of an unincorporated entity, it has long been the tradition of the common law to treat as legal persons only incorporated groups and to assimilate all others to partnerships, which must plead the citizenship of each member." *Osting-Schwinn*, 613 F.3d at 1086 (quoting *Puerto Rico v. Russel & Co.*, 288 U.S. 476, 480 (1933)).

Here, Plaintiff fails to properly allege Defendant's citizenship. As its name suggests, Defendant is a limited liability company. So, to properly allege Defendant's citizenship, Plaintiff must identify each of Defendant's members and allege their citizenship individually. As presently pled, the Complaint alleges the principal place of business and state of organization for Defendant. (Doc. 3, ¶¶ 5.) This is insufficient.

Second, the Court has doubts as to whether Plaintiff has properly alleged its own citizenship. According to the Complaint, Plaintiff "is an insurance Syndicate located at Lloyd's Building" in London. (Doc. 3, ¶ 5.) The Society of Lloyd's, London is "a British

organization that provides infrastructure for the international insurance market." *Osting-Schwinn*, 613 F.3d at 1083. "Lloyd's itself does not insure any risk"; rather, "[i]ndividual underwriters known as 'Names' or 'members,' assume the risk of insurance loss." *Id.* "Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy." *Id.* But "it is the individual Names, not the syndicate, who are directly liable in the event of loss, as if each Name had a contract with the insured." *Id.* at 1084. Therefore, "Lloyd's syndicates constitute an unincorporated association for purposes of diversity jurisdiction, "and "must plead the citizenship of each Name to establish diversity jurisdiction."[1] *Id.* at 1088, 1091.

In alleging its own citizenship, Plaintiff identifies its sole member—Ariel Corporate Member Limited ("**Ariel**")—a private limited company.[2] (Doc. 3, ¶ 4.) The Complaint alleges Ariel is a foreign national incorporated entity with a principle place of business in London, England. The Court, however, it is unclear whether Ariel constitutes an underwriting member or "Name" on the applicable insurance policy as those terms are used in the *Osting-Schwinn* opinion. Hence the Court requires further information

---

[1] Alternatively, "an individual Name that meets the amount in controversy requirement may proceed in his individual capacity." *Osting-Schwinn*, 613 F.3d at 1091.

[2] In turn, Plaintiff asserts that Ariel is incorporated and registered in England and Wales and has its principal place of business in London. (Doc. 3, ¶ 4). Through its own research, the Court has located Ariel's certificate of incorporation, which indicates that Ariel was incorporated on April 13, 2007, by the Registrar of Companies for England and Wales. *Ariel Corporate Member Ltd.*, COMPANIES HOUSE, https://beta.companieshouse.gov.uk/company/06211755/filing-history?page=7 (last visited July 19, 2017). Consistent with 28 U.S.C. § 1332(c)(1), because it is an incorporated entity, Plaintiff has properly alleged Ariel's citizenship.

from Plaintiff on this point.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Complaint for Declaratory Judgment (Doc. 3) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Friday, **July 28, 2017**, Plaintiff may file an amended complaint that properly alleges Defendant's citizenship. By this date, Plaintiff must also submit a written response explaining whether Ariel is an underwriting member or "Name" with respect to the applicable insurance policy. This answer may either be included in the amended complaint or in a separate filing.

3. Failure to timely file these documents may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 19, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record